FILED

**NOT FOR PUBLICATION**

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEATHER F. LUKASHIN; IGOR LUKASHIN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SUTTELL & HAMMER PS; et al., <br><br> Defendants - Appellees. | No. 13-35353 <br><br> D.C. No. 3:12-cv-05932-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted September 21, 2015[**]

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

Heather F. Lukashin and Igor Lukashin appeal pro se from the district

court's judgment dismissing their action alleging claims under the Fair Debt

Collection Practices Act ("FDCPA") and state law against the law firm and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument, and denies the Lukashins' motion for oral argument, filed on September 20, 2014.  *See* Fed. R. App. P. 34(a)(2).

lawyers representing Capital One Bank (USA), N.A. in a state court debt collection case relating to Mrs. Lukashins' unpaid credit card balance. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed the Lukashins' FDCPA claim because the Lukashins failed to allege facts sufficient to show a qualifying debt or actionable conduct under the FDCPA. *See* 15 U.S.C. § 1692a(5) (defining debt under the FDCPA); 15 U.S.C. §§ 1692e(2)(A), (10) (explaining prohibited practices under the FDCPA); *see Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed the Lukashins' claim under the Washington Consumer Protection Act ("WCPA") because defendants' alleged misconduct was exempt under the WCPA. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (setting forth elements of a WCPA claim); *Short v. Demopolis*, 691 P.2d 163, 168 (Wash. 1984) (en banc) (claims related to the "actual practice of law" are exempt under the

WCPA).

The district court properly dismissed the Lukashins' claim under the Washington Collection Agency Act ("WCAA") because the Lukashins failed to allege facts sufficient to show that defendant law firm qualified as a debt collection agency under the WCAA. *See* Wash. Rev. Code § 19.16.100(4) (defining a collection agency under the WCAA); *see also Hebbe*, 627 F.3d at 341-42.

Denial of leave to amend was not an abuse of discretion because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2010) (en banc) (a district court should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying the Lukashins' Federal Rule of Civil Procedure 11 motion for sanctions because defendants' *Rooker-Feldman* argument was neither frivolous nor lacking in support. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (setting forth standard of review).

The Lukashins' request for judicial notice, filed on April 11, 2014, is granted only as to the state court superior and appellate dockets, but is otherwise denied as unnecessary. All other pending motions are denied.

All pending requests in the Lukashins' opening brief are denied.

**AFFIRMED.**